DAVID GAREY *vs.* NEWPORT SHOPPER'S WORLD, INC.

DECEMBER 9, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. This is an appeal from a decree of the superior court accepting, confirming and approving the reports

of the temporary and permanent receivers and allowing and confirming their efforts and doings. The cause was heard by a justice thereof on the final report of the receivers, to which report objection was made by Anna Prager, a general creditor and hereinafter referred to as the appellant.

It appears from the record that Newport Shopper's World, Inc., a retail shopping establishment located in Middletown in this state, was destroyed by fire shortly before the filing of the petition for the appointment of a receiver by petitioner, who alleged to be a creditor of the corporation on a claim for moneys loaned by him to it.

The petition was filed February 9, 1959, on March 3 a decree was entered appointing Perry Shatkin and Julius Schaffer as temporary co-receivers, and thereafter on April 1, 1959 the temporary receivers were appointed permanent receivers. Pursuant to their appointment they proceeded to marshal the assets, adjudicate all claims, pay preferred creditors and administrative costs, give proper notices, and otherwise to carry out their duties in accordance with the decree.

The record further discloses that the claim of petitioner for $3,300, which allegedly is the unpaid balance owed to him "for monies lent to the respondent corporation," was approved by the receivers and is the basis for the instant appeal. Also allowed as a general creditor was the claim of appellant in the sum of $5,200.

On July 6, 1959 the receivers filed their final report requesting approval of administrative expenses of $565.55 and the allowance of a fee for their services. The report also included a list of the preferred creditors whose claims had been examined, allowed and paid, together with a list of the general creditors whose claims had been examined and allowed. The cause was assigned to August 3, 1959 for hearing.

It appears from the transcript that petitioner herein also brought an action of assumpsit by writ of attachment against Julius Marcus and Newport Shopper's World, Inc. some time prior to the filing of the instant petition. In that action the attachment was released when both defendants furnished a sheriff's bond. The sureties thereon were Anna and Maurice Prager, the former being the appellant in the instant cause.

The transcript informs us that petitioner's claim of $3,300 approved by the receivers was based on an alleged series of loans which also gave rise to the action in assumpsit.

The evidence further discloses that on July 24, 1959 Maurice and Anna Prager filed a petition to intervene in the civil action, which was assigned to August 3 for hearing. This was the date to which the final report of the co-receivers in the instant cause had also been assigned. Both petitions were presumably assigned for hearing to the same calendar because they appeared to be related. The relationship is more apparent than real.

It was by reason of their contingent liability as sureties on the sheriff's bonds in the assumpsit action that the Pragers filed their petition to intervene in that case. The appeal in the instant cause and their bill of exceptions in the civil action were argued together before us, having been thus certified from the superior court. We have this day filed a separate opinion in the action in assumpsit, *Garey* v. *Marcus,* 92 R. I. 25, and our decision therein and reasons therefor will not be reviewed herein.

The trial justice heard the parties on the petition of the co-receivers for acceptance of their final account and report, and the petition of Anna and Maurice Prager to intervene in the civil action. She denied the latter, and after lengthy argument by all parties gave decision to the co-receivers on their petition.

The decree pursuant thereto was entered on the same day and provides in substance that the reports of the temporary

and permanent receivers are confirmed and approved; that their efforts and doings as such receivers are allowed and confirmed; that the payment of administrative costs, preferred claims and the proposed distribution of 52 per cent to the general creditors pro rata are approved and confirmed; that counsel and receivers' fees as requested are allowed; and that upon the filing of an affidavit of compliance the receivers are discharged and the corporation is dissolved.

The appellant assigns as her reasons of appeal that the decree is against the law, against the evidence, against the law and the evidence and the weight thereof, and specifically that the trial justice erred in approving and authorizing proportionate payment of petitioner's claim despite her knowledge that a prior suit was pending.

It is appellant's contention that the allowance of petitioner's claim by the receivers should not have been approved and confirmed by the trial justice, nor the proportionate payment thereof authorized until the merits of that claim had been adjudicated in the civil action. The appellant suggests, for there is nothing in the transcript to indicate that it is anything other than a suggestion, that the alleged loans were in fact gifts and not recoverable. Her contention is without merit.

The appellant made no request to the trial justice to be heard on the merits of her position and offered no testimony or other evidence which would tend to dispute the validity of petitioner's claim. If she had done so, the correctness of the adjudication by the receivers that the claim was a proper one would have been placed in issue.

Indeed it is quite probable that the trial justice was not aware of appellant's contentions that the claim was in fact a gift and not a loan. The only reference to the nature of the claim during the entire proceedings appears in the transcript as follows: The Court: "What is the nature of the claim that was approved: [sic]" Co-receiver Shatkin: "That

was a loan." Counsel for appellant: "That appears on the books." Shatkin: "It appears on the records we have."

In the argument before us the contention was advanced with some semblance of clarity that the petitioner may in fact have made a gift of the sum in question. Certainly the trial justice did not have the benefit of the information we received from the argument before us, nor was any request made to her which might have led to inquiry by her in passing on the report of the receivers. We are of the opinion that there was no abuse of the trial justice's discretion and that her decision was not clearly wrong.

The appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Arcaro, Belilove & Kolodney,* for petitioner.

*Perry Shatkin,* for respondent Newport Shopper's World, Inc.

*Zucker and Winsten, Harold H. Winsten,* for appellant.